UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET S. WOJCICKI<br>Selective Trading Inc.,<br><br>    Plaintiffs<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant | CIVIL ACTION<br>CASE NO: 4:11-CV-40175-TSH |

**March 7, 2012**

ORDER ON DEFENDANT'S MOTION TO DISMISS

The Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction by attacking the facial sufficiency of the Plaintiff's complaint. Specifically they allege that the United States and the its agencies (the Internal Revenue Service) are sovereign and as such may not be sued without its consent. That consent requirement is waived only when Congress expressly consents to suit by statute. U.S. v. Dalm, 494 U.S. 596, 608 (1990).

Additionally, the Plaintiff's complaint has failed to allege that she made a timely claim for a refund. To properly challenge a tax assessment by obtaining a refund, the taxpayer must first pay the tax assessed against her and exhaust her administrative remedies. 26 U.S.C. §

1

7422(a); Flora v. United States, 362 U.S. 145 (1960). For this court to have jurisdiction over a refund action, the Plaintiff must plead that she has made a timely claim for refund.[1]

I have carefully reviewed the Plaintiffs pleadings and can find no allegations that would satisfy the jurisdictional requirements outlined above. The complaint sets forth a series of notices sent to the taxpayer by the IRS and the taxpayers response to those notices. The Plaintiffs were penalized by the IRS for a late filed tax return. There are several statutes that do waive sovereign immunity for causes of action that concern taxation. None of them, however, provided the district court with jurisdiction over the taxpayers claim against the government. 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 together authorize a taxpayer who believes that the IRS has incorrectly assessed a tax liability against them to sue for a refund.

Suits under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, however, are subject to two important limitations. First, they must be preceded by an administrative claim for a refund. 26 U.S.C. § 7422(a). Second, the taxpayer may not go to court until they have actually paid the assessment. See Magnone v. United States, 902 F.2d 192, 193 (2d Cir.1990). Because the Plaintiffs did not satisfy these requirements, this district court lacks jurisdiction to entertain their lawsuit as a refund action. The taxpayers failure to comply with the refund procedure precludes them from maintaining a claim against the government under the guise of a non-refund action. This is because the "pay first and litigate later" rule, see Falik v. United States, 343 F.2d 38, 42 (2d Cir.1965), citing Flora v. United States, 362 U.S. 145, 162, 80 S.Ct. 630, 639, 4 L.Ed.2d 623 (1960), is applicable both to refund actions and to any non-refund action that the taxpayer attempts to use as a vehicle for a collateral attack on his tax assessment. For the reasons set forth above, I grant the Defendant's Motion to Dismiss.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. MAGISTRATE JUDGE

---

[1] (a) No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

2